**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| THE MEDICINES COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 10-700 ER |
| | ) | |
| HOSPIRA, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**HOSPIRA, INC.'S ANSWER,**
**AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS**

Defendant Hospira, Inc. ("Hospira"), by and through its undersigned counsel, answers the Complaint filed by Plaintiff The Medicines Company as follows:

**Nature of the Action**

1. Hospira admits that this purports to be an action for alleged infringement of United States Patent Nos. 7,582,727 ("the '727 patent," a purported copy of which was attached as Exhibit A to the Complaint) and 7,598,343 ("the '343 patent," a purported copy of which was attached as Exhibit B to the Complaint) arising under the patent laws of the United States. Hospira denies the remaining allegations in Paragraph 1, if any.

**The Parties**

2. Hospira is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. Hospira admits the allegations in Paragraph 3.

4. Hospira admits the allegations in Paragraph 4.

## Jurisdiction and Venue

5. Hospira admits the allegations in Paragraph 5.

6. Hospira admits that this Court has personal jurisdiction over Hospira in this case. Hospira further admits that it is an entity organized and existing under the laws of the State of Delaware. Hospira denies the remaining allegations in Paragraph 6, if any.

7. Hospira admits the allegations in Paragraph 7.

## Facts as to All Counts

8. Hospira admits that the Food and Drug Administration ("FDA") lists The Medicines Company as the owner of approved New Drug Application ("NDA") No. 20-873. Hospira further admits that the FDA approved NDA No. 20-873 for the use of bivalirudin as an anticoagulant in conjunction with aspirin in patients with unstable angina undergoing percutaneous transluminal coronary angioplasty. Hospira further admits that The Medicines Company markets bivalirudin, 250 mg/vial, under the trade name Angiomax®. Hospira denies the remaining allegations in Paragraph 8, if any.

9. Hospira admits that the '727 patent, entitled "Pharmaceutical Formulations of Bivalirudin and Processes of Making the Same," lists on its face an issue date of September 1, 2009 and lists on its face as inventors Gopal Krishna and Gary Musso, but specifically denies that the patent was duly and legally issued. Hospira further admits that the '727 patent lists on its face as an assignee The Medicines Company. Hospira further states that the '727 patent speaks for itself and denies the remaining allegations in Paragraph 9, if any.

10. Hospira admits that the '343 patent, entitled "Pharmaceutical Formulations of Bivalirudin and Processes of Making the Same," lists on its face an issue date of October 6, 2009 and lists on its face as inventors Gopal Krishna and Gary Musso, but specifically denies that the

patent was duly and legally issued. Hospira further admits that the ‘343 patent lists on its face as an assignee The Medicines Company. Hospira further states that the ‘343 patent speaks for itself and denies the remaining allegations in Paragraph 10, if any.

11. Hospira admits that the ‘727 and ‘343 patents are listed for Angiomax® in the Approved Drug Products with Therapeutic Equivalence Evaluations (“Orange Book”) published by the FDA. Hospira denies the remaining allegations in Paragraph 11, if any.

12. Hospira admits that it prepared and submitted to the FDA Abbreviated New Drug Application (“ANDA”) Nos. 90-811 and 90-816 seeking approval to market Bivalirudin for Injection, 250 mg/vial, for intravenous injection. Hospira denies any remaining allegations in Paragraph 12, to the extent inconsistent with the foregoing.

13. Hospira admits that, on July 7, 2010, Sterne, Kessler, Goldstein & Fox sent a letter on behalf of Hospira to The Medicines Company pursuant to 21 U.S.C. § 355(j)(2)(B) and 21 C.F.R. § 314.95(c)(1) notifying The Medicines Company that ANDA Nos. 90-811 and 90-816 submitted by Hospira had been amended to include a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV). Hospira denies the remaining allegations in Paragraph 13, if any.

14. Paragraph 14 sets forth conclusions of law for which no response is required. To the extent a response is required, Hospira admits that 21 U.S.C. § 355 and 21 C.F.R. § 314.95 set forth certain requirements and refers to 21 U.S.C. § 355 and 21 C.F.R. § 314.95 for their contents. Hospira denies any remaining allegations in Paragraph 14, to the extent inconsistent with the foregoing.

15. Hospira admits that each of the July 7, 2010 letters referenced in Paragraph 13 above included “an Offer of Confidential Access to Application” pursuant to 21 U.S.C. § 355(j)(5)(C). Hospira denies the remaining allegations in Paragraph 15, if any.

16. Hospira admits that, on August 6, 2010, Hospira and The Medicines Company entered into a written agreement entitled "Offer of Confidential Access to Hospira ANDA Nos. 90-811 and 90-816," pursuant to which The Medicines Company received confidential access to certain information from ANDA Nos. 90-811 and 90-816 subject to the terms and restrictions set forth in said agreement. Hospira denies any remaining allegations in Paragraph 16, to the extent inconsistent with the foregoing.

**First Count**
**(Infringement of the '727 Patent by Hospira – ANDA No. 90-811)**

17. Hospira repeats each of the foregoing paragraphs as if fully set forth herein.

18. Hospira admits the allegations in Paragraph 18.

19. Hospira admits the allegations in Paragraph 19.

20. Hospira is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21. Hospira admits the allegations in Paragraph 21.

22. Hospira denies the allegations in Paragraph 22.

23. Hospira denies the allegations in Paragraph 23.

24. Hospira denies the allegations in Paragraph 24.

25. Hospira denies the allegations in Paragraph 25.

**Second Count**
**(Infringement of the '343 Patent by Hospira – ANDA No. 90-811)**

26. Hospira repeats each of the foregoing paragraphs as if fully set forth herein.

27. Hospira admits the allegations in Paragraph 27.

28. Hospira admits the allegations in Paragraph 28.

29. Hospira is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 29, and therefore denies them.

30. Hospira admits the allegations in Paragraph 30.

31. Hospira denies the allegations in Paragraph 31.

32. Hospira denies the allegations in Paragraph 32.

33. Hospira denies the allegations in Paragraph 33.

34. Hospira denies the allegations in Paragraph 34.

**Third Count**
**(Infringement of the '727 Patent by Hospira – ANDA No. 90-816)**

35. Hospira repeats each of the foregoing paragraphs as if fully set forth herein.

36. Hospira admits the allegations in Paragraph 36.

37. Hospira admits the allegations in Paragraph 37.

38. Hospira is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 38, and therefore denies them.

39. Hospira admits the allegations in Paragraph 39.

40. Hospira denies the allegations in Paragraph 40.

41. Hospira denies the allegations in Paragraph 41.

42. Hospira denies the allegations in Paragraph 42.

43. Hospira denies the allegations in Paragraph 43.

**Fourth Count**
**(Infringement of the '343 Patent by Hospira – ANDA No. 90-816)**

44. Hospira repeats each of the foregoing paragraphs as if fully set forth herein.

45. Hospira admits the allegations in Paragraph 45.

46. Hospira admits the allegations in Paragraph 46.

47. Hospira is without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 47, and therefore denies them.

48. Hospira admits the allegations in Paragraph 48.

49. Hospira denies the allegations in Paragraph 49.

50. Hospira denies the allegations in Paragraph 50.

51. Hospira denies the allegations in Paragraph 51.

52. Hospira denies the allegations in Paragraph 52.

**Prayer for Relief**

Hospira denies that The Medicines Company is entitled to any relief requested in its "Prayer for Relief."

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Hospira has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '727 patent.

**Second Affirmative Defense**

Hospira has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '343 patent.

**Third Affirmative Defense**

The claims of the '727 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fourth Affirmative Defense**

The claims of the '343 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

**Fifth Affirmative Defense**

The Medicines Company's claims for injunctive relief are barred because The Medicines Company has an adequate remedy at law.

**Sixth Affirmative Defense**

The Medicines Company's Complaint fails to state a claim upon which relief can be granted.

WHEREFORE, Hospira hereby demands judgment dismissing The Medicines Company's Complaint with prejudice, judgment for costs and fees of suit, and for such other relief as the Court may deem just.

**COUNTERCLAIMS**

Defendant/Counterclaim Plaintiff Hospira, Inc. ("Hospira") hereby counterclaims against Plaintiff/Counterclaim Defendant The Medicines Company, and in support thereof, alleges as follows:

1. The Medicines Company has filed a Complaint against Hospira seeking, inter alia, a judgment that Hospira has infringed the claims of U.S. Patent Nos. 7,582,727 ("the '727 patent") and 7,598,343 ("the '343 patent"; collectively, "the patents-in-suit") by filing ANDA Nos. 90-811 and 90-816, each with a Paragraph IV certification. As a result of the filing of the Complaint, an immediate and justiciable controversy exists between The Medicines Company and Hospira regarding the alleged infringement and validity of the patents-in-suit.

2. The following counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3. Subject matter jurisdiction in this Court is proper under, inter alia, 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over The Medicines Company because, inter alia, The Medicines Company has submitted to the jurisdiction of this Court by filing its Complaint with this Court.

5. Venue is proper in this Court because, inter alia, The Medicines Company has submitted to the jurisdiction of this Court and selected this venue by filing its Complaint with this Court.

**Count One**
**(Declaration of Non-Infringement of the '727 Patent)**

6. Hospira repeats and realleges each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

7. Hospira has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '727 patent.

8. Hospira is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '727 patent.

**Count Two**
**(Declaration of Non-Infringement of the '343 Patent)**

9. Hospira repeats and realleges each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

10. Hospira has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '343 patent.

11. Hospira is entitled to a declaration that it has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '343 patent.

**Count Three**
**(Declaration of Invalidity of the '727 Patent)**

12. Hospira repeats and realleges each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

13. The claims of the '727 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

14. Hospira is entitled to a declaration that the claims of the '727 patent are invalid.

**Count Four**
**(Declaration of Invalidity of the '343 Patent)**

15. Hospira repeats and realleges each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

16. The claims of the '343 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112.

17. Hospira is entitled to a declaration that the claims of the '343 patent are invalid.

**Count Five**
**(Declaration of Award of Attorneys' Fees, Costs, and Expenses)**

18. Hospira repeats and realleges each of the foregoing paragraphs of its Counterclaims as if fully set forth herein.

19. This action is an exceptional case under 35 U.S.C. § 285, and Hospira is entitled to reimbursement of its attorneys' fees, costs, and expenses from The Medicines Company.

## PRAYER FOR RELIEF

WHEREFORE, Hospira respectfully requests that this Court enter a Judgment and Order:

(a) Dismissing the Complaint, and each and every claim for relief contained therein, with prejudice;

(b) Declaring that Hospira has not infringed, is not infringing, and will not infringe, literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '727 patent or the '343 patent;

(c) Declaring that all claims of the '727 patent and the '343 patent are invalid for failure to comply with the requirements of the patent laws of the United States, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112;

(d) Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding Hospira its attorneys' fees, costs, and expenses; and

(e) Granting Hospira such other and further relief as this Court deems just and proper.

## JURY DEMAND

Hospira requests a jury trial on all issues so triable.

Dated: September 3, 2010

*/s/ Richard K. Herrmann*
Richard K. Herrmann (I.D. #405)
Mary B. Matterer (I.D. #2696)
Amy A. Quinlan (I.D. #3021)
MORRIS JAMES LLP
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801
(302) 888-6800
rherrmann@morrisjames.com

William F. Long
Kristin E. Goran
SUTHERLAND ASBILL & BRENNAN LLP
999 Peachtree Street, NE
Atlanta, GA 30309-3996
(404) 853-8000
bill.long@sutherland.com
kristin.goran@sutherland.com

Attorneys for Defendant HOSPIRA, INC.