**RICHARDS LAYTON & FINGER**

Frederick L. Cottrell, III
Director
302-651-7509
Cottrell@rlf.com

October 25, 2010

**VIA ECF FILING**

The Honorable Eduardo C. Robreno,
  United States District Judge
United States District Court for
  the Eastern District of Pennsylvania
Robert N.C. Nix Federal Building
900 Market Street, Suite 11614
Philadelphia, PA 19107

    Re: *The Medicines Company v. Hospira, Inc.,*
       C.A. No. 10-700-ECR (D. Del.)

Dear Judge Robreno:

  We represent plaintiff The Medicines Company in the above-referenced litigation. Along with counsel for defendant Hospira, Inc. ("Hospira"), we submit this joint letter pursuant to Your Honor's October 13, 2010 instructions. The parties have conferred and their respective positions are summarized below.

**The Medicines Company's Position**

  At the October 13, 2010 hearing, Your Honor denied Hospira's motion to consolidate. The Medicines Company understood Your Honor's instructions to thus require the parties to propose a schedule for this case going forward on its own. A proposed schedule is set forth below.

| Event | The Medicines Company's Proposed Dates |
|---|---|
| Initial Disclosures | Oct. 25, 2010 |
| The Medicines Company to produce documents already provided in 09-CV-750 | Oct. 25, 2010 |
| Hospira initial production | Oct. 25, 2010 |
| Motions for leave to join/amend pleadings | Apr. 29, 2011 |

The Honorable Eduardo C. Robreno
October 25, 2010
Page 2

| Substantially complete document production | Mar. 11, 2011 |
| --- | --- |
| Fact discovery close | Jul. 11, 2011 |
| Identify/exchange claim terms | Mar. 18, 2011 |
| Meet and confer re claim terms | Apr. 5, 2011 |
| Exchange simultaneous opening claim construction briefs | May 3, 2011 |
| Exchange simultaneous responding claim construction briefs | Jun. 2, 2011 |
| Opening expert reports | 45 days after close of expert discovery in 09-CV-750 |
| Responding expert reports | 4 weeks after opening reports |
| Rebuttal expert reports | 4 weeks after opening reports |
| Close of expert discovery | 8 weeks after rebuttal reports |
| Motions for summary judgment | No later than 45 days after close of expert discovery |

The Hospira action will require discovery (fact and expert) of two abbreviated new drug applications ("ANDAs"), review of Hospira's separate document production, analysis and preparation of The Medicines Company's infringement proofs, preparation of defenses to Hospira's counterclaims of invalidity and noninfringement, as well as expected expert analysis and testing specific to Hospira's samples and formulation.

Despite representations to the Court on October 13th that Hospira would, as Your Honor put it "accept whatever the others have, and that's it" (Oct. 13, 2010 Hr'g Tr. at 60:18-19), be relying totally on discovery served and received by APP, Hospira's counsel informed us last week that it will be serving at least some additional interrogatories and requests for production. This additional discovery highlights the fact that the Hospira case involves different ANDAs, different samples, and different issues from the other ANDAs at issue in *The Medicines Company v. Teva Parenteral Medicines, Inc. et al.*, Civil Action No. 09-750 (ECR) (Consolidated) ("the Consolidated Case"). Each of these differences will have to be addressed during fact and expert discovery.

The Medicines Company's proposed schedule is still an aggressive time line in large part due to the significant discovery that has been and will be produced/provided from the Consolidated Case, and Hospira's agreement to participate in both the depositions of The Medicines Company personnel who will be deposed and the *Markman* briefing/hearing in the Consolidated Case. Accordingly, The Medicines Company's proposed schedule is basically a modest four-month extension beyond the Consolidated Case. For the Court to set any shorter

The Honorable Eduardo C. Robreno
October 25, 2010
Page 3

deadlines, The Medicines Company believes that its ability to prepare its case for trial will be unfairly prejudiced.

**Hospira's Position**

Hospira understood Your Honor to request a joint report regarding how discovery will proceed between Medicines Company and Hospira from now until the status and scheduling conference on November 19. Hospira has drafted its section of this letter accordingly.

With respect to discovery from Hospira, Hospira intends to substantially complete its document production in response to Medicine Company's document requests by the November 12 deadline in the consolidated cases.

Hospira will accept the same documents that Medicines Company has produced and subsequently produces on APP, as represented to the Court at the October 13 hearing.

Hospira plans to serve a request for any documents that were not produced to APP that Medicines Company relies on to support its case against Hospira. Hospira doubts that any such documents exist or, if any do, they will be few in number. Similarly, Hospira plans to serve an interrogatory directing Medicines Company to identify the patent claims it contends Hospira infringes and its bases for such contentions. This information will enable Hospira to jointly participate in inventor and other depositions of Medicines Company's witnesses, claim construction discovery and briefing, and invalidity discovery, thereby conserving the Court's and the parties' resources in dealing with these issues. Medicines Company was required to undertake a patent infringement analysis before filing suit against Hospira, so neither of these requests imposes additional work on Medicines Company or justifies additional delay.

We have communicated to Medicines Company our plan to serve these narrow discovery requests. With the aforementioned discovery from Medicines Company and assuming that Medicines Company complies with the Court's October 14 Scheduling Order in this case, Hospira continues to believe that it and Medicines Company can comply with the schedule in the consolidated cases. Hospira respectfully requests Your Honor to revisit the consolidation issue at the November 19 conference. Hospira will seek the Court's guidance at that point regarding how deposition discovery and the remainder of written discovery should proceed. The extent of Hospira's need for additional discovery will depend in part on whether and, if so, when Hospira's case is consolidated.

\* \* \*

The Honorable Eduardo C. Robreno
October 25, 2010
Page 4

    The parties are available to discuss the above issues in greater detail at the Court's convenience.

                 Respectfully submitted,

                  */s/ Frederick L. Cottrell, III*

                  Frederick L. Cottrell, III

cc:  Counsel of Record (via email)